IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM CHASE WOOD, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>WORLD WIDE ASSOCIATION OF SPECIALTY PROGRAMS AND 0SCHOOLS, INC., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT TEENS IN CRISIS' MOTION TO DISMISS AND DENYING DEFENDANT TEENS IN CRISIS' MOTION FOR SANCTIONS<br><br><br>Case No. 2:06-CV-708 TS |

Defendant Teens in Crisis, LLC (Teens in Crisis) moves to dismiss for the failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for sanctions under Fed. R. Civ. P. 11.

I.   MOTION TO DISMISS

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and

viewed in the light most favorable to Plaintiffs as the nonmoving parties.[1]  A Rule 12(b)(6) motion to dismiss may be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief" under its theory of recovery.[2]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3]  But the Court "need not accept conclusory allegations without supporting factual averments."[4]  "The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

Teens in Crisis moves to dismiss on the basis that the sole grounds for liability alleged against it is that all Defendants are alleged to have acted as a single business enterprise, joint enterprise, or joint venture with and/or as the alter ego of each and every other named entity, or to have acted in a civil conspiracy under Restatement (Second) of Torts, § 876(b), cmt. d.  Plaintiffs respond that the Second Amended Complaint must be read as a whole, and that Teens in Crisis is impliedly referred to anytime the Second

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Amended Complaint refers to "Defendants." Plaintiffs argue that Teens in Crisis may be liable under its allegations that Teens in Crisis participated in fraudulent promotion, advertising and marketing of the residential boarding schools owned or operated by other Defendants or under a theory of vicarious liability.

The Court has reviewed the Second Amended Complaint and the proposed Third Amended Complaint.[6] The Court finds that Plaintiffs have failed to plead any fraudulent conduct with particularity as to Teens in Crisis.

> Rule 9(b) states that "in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud," and must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[7]

The Second Amended Complaint and the proposed Third Amended Complaint (the Complaints) do not contain the "who, what, when, where and how" of the alleged fraud, and do not "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Noticeably absent from the Complaints are any specific allegations of how Teens in Crisis is alleged to have

---

[6]The Motion for Leave to File the proposed Third Amended Complaint, Docket No. 149, is currently under advisement with the Magistrate Judge pending resolution of the dispositive motions.

[7]*U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah,* 472 F.3d 702, 726-27 (10th Cir. 2006) (applying Rule 9(b)'s heightened pleading requirements apply to actions under the FCA) (quoting *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) and *Koch v. Koch Indust., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

participated in the fraud. There are not specific allegations as to how, or when, or to whom, Teens in Crisis made the alleged fraudulent misrepresentations, or the identity of the person or persons who acted for Teens in Crisis.[8] Plaintiffs attached material beyond the pleadings to their response to the Motion. However, the Third Amended Complaint, while naming additional Plaintiffs, does not add any specific allegations regarding Teens in Crisis. In considering the Motion under Rule 12(b)(6), the Court considers only the Complaint unless additional matters are presented to the Court and not excluded.[9] Despite the notice of alleged deficiencies set forth in the present Motion, Plaintiffs did not add to their proposed Third Amended Complaint any allegations regarding the matters beyond the pleadings that they had attached to their Opposition.[10] Because they did not do so, the Court declines to exercise its discretion[11] to convert the motion to one for

---

[8] *See e.g.* Second Amended Complaint at 12, ¶ 1 ("Defendants promoted, advertised, and marketed Defendant residential boarding schools as a place where children with problems could get an education while receiving instruction and direction in behavior modification.") and 22, ¶¶ 1-8 (making non-specific allegations of fraudulent misrepresentations by unspecified "Defendants.").

[9] Fed. R. Civ. P. 12(b).

[10] Although the Court denied Plaintiffs' Motion to Incorporate by Reference Specific Statements of Fact into Their Complaint, on February 22, 2007, the proposed Third Amended Complaint, filed as an exhibit to Plaintiff's Motion for Leave to File Third Amended Complaint on February 28, 2007, nonetheless provides that it will incorporate such as-yet-unprepared statements of fact for the specifics of each Plaintiff's alleged transactions.

[11] *Lybrook v. Members of the Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir. 2000).

summary judgment and rely on the additional material. Thus, the Court need not address the parties' arguments regarding that material.

The Complaints are also devoid of any specific allegations regarding any basis for vicarious liability. To establish vicarious liability, it is not enough to allege that an entity is vicariously liable for the actions of another. Instead, Plaintiffs must allege all of the elements of the particular theory, such as alter ego, upon which such vicarious liability is based. For example, the Complaints allege in a general and conclusory manner that each Defendant is functioning as the alter ego of every other named Defendant.[12] However, the Complaints do not allege that Teens in Crisis[13] and any other entity have such "unity of interest and ownership that the separate personalities of the [LLC] and the [individual defendant] no longer exist . . .; *and* (2) the observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow."[14]

As to the allegation of liability under § 876 of the Restatement (Second) of Torts, there is no allegation that Teens in Crisis rendered "substantial assistance" to the conspiracy as required to state a claim under § 876.[15]

---

[12]*E.g.* Second Amended Complaint at 12, ¶ 5.

[13]Teens in Crisis is a Utah limited liability company. Second Amended Complaint at 10, ¶18.

[14]*MacKay v. Hardy*, 896 P.2d 626, 629 (Utah 1995) (quoting *Norman v. Murray First Thrift & Loan Co.*, 596 P.2d 1028, 1030 (Utah 1979) (applying alter ego case law to partnership) (emphasis added).

[15]*Dahl v. Gardner*, 583 F.Supp. 1262, 1267-68 (D. Utah 1984) (noting that the elements necessary to impose liability on persons acting in concert with a tortfeasor under general tort law, Restatement (Second) of Torts § 876 (1979), are similar to

Finally, Plaintiffs contend that Teens in Crisis' Motion should not be granted before it has an opportunity to conduct discovery and amend their Second Amended Complaint. But the Complaints do not contain allegations "specifically so identified" as "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."[16] In their Opposition, Plaintiffs do not identify any discovery that is required,[17] and, as noted, their proposed Third Amended Complaint does not add *any* factual allegations regarding Teens in Crisis.

Where Plaintiffs' current complaint and Third Proposed Amended Complaint fail to state a claim upon which relief can be granted as to a Defendant, dismissal under Rule 12(b)(6) is appropriate for that Defendant.

The Court will grant Teens in Crisis' Motion to Dismiss because the Complaints fail to state a claim against Teens in Crisis for which relief can be granted.

## II.  MOTION FOR SANCTIONS

Teens in Crisis moves for sanctions on the grounds that it has repeatedly notified Plaintiffs that it had no involvement with the named Plaintiffs, and requested that the claims against it be dismissed, but that Plaintiffs refuse to do so.

---

those for aiding and abetting under securities law).

[16] Fed. R. Civ. P. 11.

[17] Further, information on who referred a Plaintiff to a particular defendant school or who made an alleged representation to a Plaintiff would be expected to be within that Plaintiff's own knowledge.

Plaintiffs do not dispute that Teens in Crisis communicated its position that it was not involved in the events alleged or its repeated requested for the claims to be dismissed. Instead, Plaintiffs contend that their complaint does state a claim against Teens in Crisis, even absent any allegations that Teens in Crisis actually referred any Plaintiff to a Defendant school. Plaintiffs also submit three Affidavits in support of its position that Teens in Crisis "falsely" promoted, advertised, and marketed the defendant schools and also referred one of the potential Plaintiffs sought to be added by the proposed Third Amended Complaint.

> Fed. R. Civ. P. 11 provides that
>
> [b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-
>
> * * *
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . [18]
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> > (1) How Initiated.
> >
> > (A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall

---

[18]Fed. R. Civ. P. 11 (quoted in *Kearney v. Dimanna*, 195 Fed. Appx. 717, 722 (10th Cir. 2006)).

> describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.[19]

Teens in Crisis shows that, after it was served with the initial Complaint and again after it was served with the Second Amended Complaint, it notified Plaintiffs' counsel that it had no record that it had referred any parent Plaintiff or student Plaintiff to the Defendant schools and also that it had not received any commission for the enrollment of any plaintiff. In two letters and in a personal contact, Teens in Crisis requested Plaintiffs provide information of its involvement in the alleged activities or dismiss the claims. Plaintiffs' counsel does not dispute that they were so notified.

Plaintiffs submit three Affidavits in opposition to Teens in Crisis' Motion for Sanctions. Two of the Affidavits[20] state that one Plaintiff and the parents of another Plaintiff received brochures about *purchasing* advertising items for a referral program involving Defendants Teen Help and Teens in Crisis. The order form lists six possible admissions companies defined as the "the person you spoke with when you placed your child." Two of the listed admissions companies are defendants herein–Teen Help and Teens in Crisis—but none of the companies are marked on the order forms. The brochure

---

[19] Fed. R. Civ. P. 11(c).

[20] The Gomez and Katave Affidavits.

8

attached to the Katave Affidavit shows that requests for materials were mailed to Defendant Teen Help, not Teens in Crisis, but does list both the Teen Help and Teens in Crisis phone numbers. One of the Affidavits also says that a parent Plaintiff received a brochure for something described as a "Walk in the Park" activity sponsored by five organizations, including defendants WWASPS, Teen Help and Teens in Crisis.  Neither of these two affidavits state that Teens in Crisis was involved with a referral of the affiant, the affiant's child, or any other Plaintiff to any of the Defendant schools or that Teens in Crisis made any representations to any person regarding such schools.

The Rawson Affidavit is from a potential plaintiff to be added by the proposed Third Amended Complaint.  The Rawson Affidavit says that the affiant was in contact with Teens in Crisis regarding her child's enrollment in one of the Defendant schools.  The Rawson Affidavit does not make any allegation that Teens in Crisis made any representation about the Defendant school.

The Court has determined, above, that (1) the factual allegations of the Rawson Affidavit were not included in the proposed Third Amended Complaint; and (2) the proposed Third Amended Complaint does not state a claim against Teens in Crisis.

The Court finds that Teens in Crisis has shown that there is no basis for maintaining this suit against it based upon either the Second Amended Complaint or the proposed Third Amended Complaint.  However, Teens in Crisis has not complied with the so-called "safe harbor" provisions of Rule 11.  That provision "states that motions for sanctions 'shall be served . . . but not filed with or presented to the court unless, within 21 days after

service of the motion' the challenged pleadings or claims have not been 'withdrawn or appropriately corrected.'"[21] If a party fails to comply with this safe harbor provision, it is an abuse of discretion for the Court to grant sanctions.[22]

As in the *Roth* case, Teens in Crisis' letters sent in advance of the filing of the motion for sanctions are "not sufficient to satisfy the requirements of subsection (c)(1)(A)."[23]

> The reason for requiring a copy of the motion itself, rather than simply a warning letter, to be served on the allegedly offending party is clear. The safe harbor provisions were intended to "protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11 's chilling effects, formaliz [e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court...." Thus, "a failure to comply with them [should] result in the rejection of the motion for sanctions . . .." [24]

Because Teens in Crisis did not comply with the requirements for a Motion for Sanctions under Rule 11, the Court must deny the Motion. It is therefore

ORDERED that Defendant Teens in Crisis' Motion to Dismiss (Docket No. 134) is GRANTED. It is further

---

[21] *Roth v. Green*, 466 F.3d 1179, 1191-92 (10th Cir. 2006) (quoting Fed. R. Civ. P. 11(c)(1)(A)).

[22] *Id.*

[23] *Id.* at 1192 (discussing Advisory Committee's Note to the 1993 amendment to Rule 11).

[24] *Id*. (quoting 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1337.2, at 722-23 (3d ed. 2004)).

ORDERED that Defendant Teens in Crisis' Motion for Sanctions (Docket No. 132) is DENIED.

DATED April 19, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge