IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM CHASE WOOD, et al.,<br><br>    Plaintiffs,<br><br><br><br><br>             vs.<br><br><br>WORLD WIDE ASSOCIATION OF SPECIALTY PROGRAMS AND SCHOOLS, INC., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS CLAIMS AND GRANTING MOTIONS FOR MORE DEFINITE STATEMENT<br><br><br><br>Case No. 2:06-CV-708 TS |

I.  INTRODUCTION

Currently, over 80 Plaintiffs bring a Second Amended Complaint asserting claims against 27 Defendants.  The proposed Third Amended Complaint seeks to add a number of Plaintiffs, but would not otherwise add any additional claims or allegations of fact.[1] Defendants Robert B. Lichfield (Lichfield), World Wide Association of Specialty Programs

---

[1]The provisions of the Second Amended Complaint and the proposed Third Amended Complaint at issue in the present Motions are identical.  They will be collectively referred to as "the Complaints."

and Schools (WWASP), and Ken Kay (Kay)[2] move to dismiss and for a more definite statement.  Defendant Majestic Ranch (Majestic) joins in that motion and seeks to add an additional basis for dismissal.[3]  Defendants Cross Creek Manor, LLC, Cross Creek Center for Boys, LLC (Cross Creek Defendants) and Karr Farnsworth (Farnsworth)[4] move to join in the WWASP Defendants' Motion to Dismiss[5] and the WWASP Defendants' Motion for a More Definite Statement.[6]

The Court will grant the Motions to Dismiss the RICO and fraud claims for failure to state a claim, because those claims are not pleaded with the requisite particularity. The Court will dismiss the claims based on Utah criminal statutes for failure to state a claim, because Plaintiffs have not shown that those criminal statutes provide a private cause of action.  Finally, the Court will grant the various motions for more definite statements.

## II.  JOINDER

As an initial matter, the Court notes that neither the Federal Rules of Civil Procedure nor the Local Rules permit motions to join in another party's motion.[7]  Such attempts at

---

[2]Collectively the WWASP Defendants.

[3]Docket No. 70.

[4]Collectively the Cross Creek Defendants.

[5]Docket No. 57.

[6]Docket No. 58.

[7]*Compare* Fed. R. Civ. P. 18 (joinder of claims and remedies) *with* 19, 20, and 21 (addressing  joinder, misjoinder, and non-joinder of persons and parties).

joinder result in needless confusion.[8]  For example, the docket does not show that Majestic

has a pending motion because it did not file its own motion, but Plaintiffs have responded

to its arguments because it filed a motion to join the Motion filed by other Defendants.[9]

Because the Cross Creek Defendants joined in the present motion, they currently have two

Motions to Dismiss pending, one is their present joinder, and the other, filed a week later,

asserts a different grounds for dismissal.[10]  Presumably, these Motions assert alternative

grounds for dismissal.

    In order to avoid needless confusion of the docket, the Court will not consider any

further motions for a party to join in a previously filed motion.  Parties are certainly

permitted to file joint motions, or to file notices of non-opposition to a motion.  But parties

shall no longer file motions requesting joinder in previously-filed motions.  Instead, all

parties shall file any further motions in accordance with DUCivR 7-1.

### III.  FRAUD CLAIMS

    Plaintiffs bring claims of actual and constructive fraud, conspiracy and fraudulent

concealment, and fraud under the Utah Deceptive Practices Act.  Defendants move to

dismiss these claims because they are not pleaded with particularity as required by Fed.

R. Civ. P. 9(b).

---

    [8]*See* Docket No. 76 (Notice of Deficiency requesting that Majestic's Motion for
Joinder be re-filed).

    [9]Docket No. 82.

    [10]Docket No. 62; *see also* Docket No. 73 (Cross Creek Defendants' Motion to
Sever).

The Court has noted the Rule 9(b) claims in its prior Order.[11]

Rule 9(b) states that "in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud," and must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[12]

The Court has discussed elsewhere Plaintiffs' contentions that they will submit fact sheets detailing the alleged fraud as to each Plaintiff; that less specificity is needed where they allege "corporate fraud;" and that the mere allegation that each Defendant participated in the "promotion, advertisement and marketing of the [Defendant] resident boarding schools" is sufficient to state a claim for each of its fraud-based causes of action against each Defendant.

As Rule 9(b) and controlling case law provide, the time, place, and contents of the alleged misrepresentations must be alleged, as well as the identity of the persons making the misrepresentations.  Noticeably absent from the Second Amended Complaint is any allegation of the specific contents of the alleged advertisements or promotional and marketing materials, the dates upon which they were received by any Plaintiff, and by which Defendant they were allegedly sent.   Even when any alleged misrepresentation is

---

[11]Mem. Dec. and Order Granting Defendant Teens in Crisis' Motion to Dismiss, at 3.

[12]*U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah,* 472 F.3d 702, 726-27 (10th Cir. 2006) (holding Rule 9(b)'s heightened pleading requirements apply to actions under the FCA) (quoting *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) and *Koch v. Koch Indust., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

identified,[13] there is an absence of allegations as to which Defendant made the alleged representation, by what means (*e.g.* email, advertisement, or statements), about what facility, to which of the numerous Plaintiffs, and on or about what date.  In fact, it is not possible from the Complaints to determine which facility any student Plaintiff allegedly attended or the time in which they allegedly did so.  The only dates provided in the Complaints comprises a vague ten-year period.[14]  Further, the ten-year period is specified as the period of the placement of the students in a Defendant school, not as the period of the alleged misrepresentations.

As to Plaintiffs' argument that they will solve the Complaints' deficiencies by reference to "Fact Sheets" in their Second Amended Complaint, the Court has previously noted that Plaintiffs admit that any such statements of fact are not yet prepared.[15]  For this and other reasons, on February 22, 2007, the Court denied the Plaintiffs Motion to Incorporate by Reference Specific Statements of Fact into Their [Second Amended] Complaint.[16]  In that Order, the Court clearly indicated that it would follow the rule that

---

[13]Second Amended Complaint at 22, ¶ 4 ("[P]laintiff parents were lied to by the Defendant and through WWASP promotional and marketing materials which represented the Defendant facilities to be a safe and secure environment, where their children would be well cared for, and provided a good education, medical care, and therapy.").

[14]Second Amended Complaint at 13, ¶2 ("From about the mid-1990's to mid-2000's, student Plaintiffs were placed in the care of at least one of these named schools.")

[15]*See* Docket No. 144, February 22, 2007 Mem. Dec. And Order Denying Plaintiffs' Motion to Incorporate by Reference Specific Statements of Fact into Their Complaint, at 2.

[16]*Id.*

statements and material could only be incorporated into a pleading if those statements were contained in a different part of the same pleading, in another pleading, or were contained in any written instrument which is an exhibit to a pleading.[17]  Despite this clear ruling, Plaintiffs' proposed Third Amended Complaint contains the same reference to, and attempt to incorporate, as-yet-unprepared statements of fact for each Plaintiff and states, erroneously, that Plaintiffs are providing such statements "by agreement" to defense counsel.[18]

Based upon the foregoing, the Court will grant the Motion to Dismiss the fraud claims as to the moving Defendants for failure to state the claims with the specificity required by Rule 9(b).

## IV.  RULE 12(b)(6) STANDARD

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving parties.[19]  A Rule 12(b)(6) motion to dismiss may be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief" under its theory of recovery.[20]  All well-pleaded factual allegations in the complaints are accepted as true

---

[17]*Id*. (quoting Fed. R. Civ. P. 10(c)).  *See also* Fed. R. Civ. P. 7(a) (listing allowed pleadings).  The Court also notes that it is possible to attach sealed exhibits to a pleading.

[18]Docket No. 149, Ex. 1 (proposed Third Amended Complaint), at 18, ¶ 9.

[19]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[20]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

and viewed in the light most favorable to the nonmoving party.[21]  "A motion to dismiss under Fed. R. Civ. P. 12(b)(6) admits all well-pleaded facts in the complaint as distinguishable from conclusory allegations."[22]  The Court "need not accept conclusory allegations without supporting factual averments."[23]  "The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[24]

## V. CIVIL RICO

Plaintiffs' Complaints allege violations of RICO's[25] §§ 1962 (a), (b), and (c),[26] predicated on mail and wire fraud and engaging in monetary transactions in property derived from specified unlawful activity.[27]

Defendants move to dismiss the civil RICO claims on the ground that Plaintiffs fail to state a claim because they (1) fail to allege their injuries were caused by Defendants'

---

[21]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[22]*Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (quoting *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976)).

[23]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[24]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[25]Rackeer-Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, *et seq*.

[26]18 U.S.C. § 1962.

[27]Second Amended Complaint at 31, ¶ 5.

7

alleged use of, or investment of, racketeering income; (2) fail to allege the required elements of conduct, enterprise, and racketeering activity; and (3) fail to plead the required elements of conspiracy to violations § 1962 (a), (b), or (c).  In particular, Defendants contend that Plaintiffs fail to plead the underlying predicate acts with the requisite particularity required for mail and wire fraud.

Plaintiffs contend that the cases cited by Defendants are distinguishable and that the Complaints state a claim for RICO violations under the four subsections sufficient to allow each Defendant to admit or deny the claims.

> The elements of a civil RICO claim are (1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity. "Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) as any "act which is indictable" under federal law and specifically includes mail fraud, wire fraud and racketeering. These underlying acts are "referred to as predicate acts, because they form the basis for liability under RICO."[28]

> To establish the predicate act of mail fraud, [Plaintiffs] must allege "(1) the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises, and (2) use of the United States mails for the purpose of executing the scheme."  "The elements of wire fraud are very similar, but require that the defendant use interstate wire, radio or television communications in furtherance of the scheme to defraud." [T]he common thread among . . . these crimes is the concept of "fraud." Actionable fraud consists of (1) a representation; (2) that is false; (3) that is material; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent it be acted on; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance; (8) the hearer's right to rely on it; and (9) injury.

---

[28] *Tal,* 453 F.3d at 1261-62 (quoting 18 U.S.C. § 1962(a), (b), and (c) and *BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1102 (10th Cir. 1999)).

Failure to adequately allege any one of the nine elements is fatal to the fraud claim. The particularity requirement of Rule 9(b), Federal Rules of Civil Procedure, applies to claims of mail and wire fraud.[29]

Plaintiffs contend that they have alleged fraud with sufficient particularity to allow Defendants to respond by admitting or denying the allegations under Fed. R. Civ. P. 8.[30] The Tenth Circuit rejected this argument in *Cayman Exploration Corp. v. United Gas Pipeline Co*., holding that "RICO predicate acts based on fraud must be stated with the particularity required by Fed. R. Civ. P. 9(b)" in order to survive a motion to dismiss under Rule 12(b)(6).[31] Thus, the standard is not, as argued by Plaintiffs, whether the Complaints provide sufficient information to allow Defendants to admit or deny each RICO element. Instead, the Complaints must be sufficient to ensure that Defendants have "clear notice of the factual basis of the predicate acts."[32]

The Court finds that Plaintiffs fail to state the alleged predicate acts of mail and wire fraud with the requisite particularity required under Fed. R. Civ. P. 9(b). The standard for Rule 9(b) is discussed above. As noted, under Rule 9(b)'s specificity requirements, Plaintiffs must allege the time, place, and contents of the alleged misrepresentations as well as the identity of the persons making the misrepresentations. The Complaints contain

---

[29]*Tal v. Hogan,* 453 F.3d 1244, 1263 (10th Cir. 2006) (quoting *Bacchus Indus., Inc. v. Arvin Indus., Inc*., 939 F.2d 887, 892 (10th Cir. 1991) and *BancOklahoma*, 194 F.3d at 1102-03) (other citations omitted).

[30]Pl.s' Mem. at 3.

[31]873 F.2d 1357, 1362 (10th Cir. 1989).

[32]*Smith v. Figa and Burns*, 69 Fed. Appx. 922, 925 (10th Cir. 2003) (quoting *Cayman Exploration*, 873 F.2d at 1362).

no details or specifics of the predicate mail/wire fraud acts, there are no specific details about the contents of the alleged misrepresentations, which Defendant is alleged to have made what representation to which Plaintiff, or any specific details regarding when they occurred.

In the *Tal* case, predicate acts of mail fraud were stated with the required specificity for only those letters listed in the complaint that "identified the parties, the dates, the content of the alleged communications, how they were allegedly fraudulent and how they furthered the fraudulent enterprise."[33]   Similarly, only three of the twenty-seven wire communications alleged in *Tal* were held to be stated with sufficient particularity because they "not only describ[ed] the date, the parties to the communication and the subject matter, but also how they were fraudulent and what they were designed to accomplish."[34]

The Court has already addressed and rejected Plaintiffs' contention that the missing specificity may be provided by fact sheets that are neither prepared nor attached to a pleading or proposed pleading.

The Complaints also attempt to allege racketeering activity relating to obscene matter.  However, the Complaints make not one allegation in support of this claim. Plaintiffs apparently concede this RICO claim because they do not argue it in their response to the Motion to Dismiss.

---

[33]453 F.3d at 1265.

[34]*Id.* at 1266.

Because the Court has determined that the predicate acts are not alleged with specificity, Plaintiffs fail to state a claim under RICO.  Further, as in *Smith*, "[b]ecause the allegations include absolutely no details about the timing and nature of the predicate acts, it is impossible to tell from the pleading whether there were two acts, what those two acts were, or if they were sufficiently related and continuous as to constitute a pattern" necessary to adequately allege a pattern of racketeering activity.[35]   Because Plaintiffs fail to adequately allege either the predicate acts constituting racketeering or a pattern of such racketeering, Plaintiffs fail to state a claim under RICO upon which relief can be granted.

## VI.  CLAIMS FOR CIVIL DAMAGES BASED ON CRIMINAL STATUTES

Plaintiffs bring claims for Breach of Statutory Duty to Prevent Child Abuse under Utah Code Ann. §§ 53A-6-502, 76-5-109, 76-5-103, 401.1, 404, 404.1, and 78-12-25.1 (Utah Criminal Code) and § 62A-4a-411 (Utah Human Services Code providing criminal penalty for failure to report suspected child abuse).  Defendants seek to dismiss these claims on the ground that these statutes do not provide a private cause of action.  Plaintiffs contend that the claims seek civil remedies not criminal penalties for violation of the cited statutes and that the criminal statutes provide the standard of care for civil claims.

The Court agrees with Defendants.  Plaintiffs are attempting to recover on a private cause of action under these statutes.  Because, as a matter of law, none of these statutes provide such a private cause of action, the claims for Breach of Statutory Duty to Prevent

---

[35]69 Fed.Appx. at 926.

11

Child Abuse under Utah Code Ann. §§ 53A-6-502, 76-5-109, 76-5-103, 401.1, 404, 404.1, and 78-12-25.1 and § 62A-4a-411 are dismissed for the failure to state a claim.

## VII. ALTER EGO CLAIMS

Plaintiffs allege alter ego liability on the part of Defendants. Defendants contend that Plaintiffs' alter ego allegations fail to state a claim because (1) the alter ego claims are based on fraud which is not stated with particularity; (2) even those alter ego allegations not alleging fraud are not sufficient to state a claim. In a brief paragraph, Plaintiffs assert that the alter ego claims do not need not to be pleaded with particularity, but do not address the contention that their allegations do not otherwise state a claim.

For the reasons set forth in its April 20, 2007 Memorandum Decision and Order Granting Defendant Teens in Crisis' Motion to Dismiss, the Court finds that the alter ego allegations fail to state a claim upon which relief can be granted.[36]

## VIII.  MORE DEFINITE STATEMENT

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."[37]

The Court finds that the Complaints are so vague and ambiguous that, as to the claims that are not dismissed herein, the moving Defendants cannot be required to frame a responsive pleading. Accordingly, the Court orders Plaintiffs to provide a more definite

---

[36]Docket No. 166, at 5-6 (dismissing vicarious liability claims).

[37]Fed. R. Civ. P. 12(e).

statement for the movants.  The more definite statement shall include, but is not limited to, the following: (1) identification by name of the Defendant(s) against whom a cause of action is brought; (2) a more specific time frame for the claims; (3) which schools or facilities each student is alleged to have attended, and when; and (4) specifics on how the Defendants are alleged to have acted in concert.

IX.  DISCOVERY OR AMENDMENT

Plaintiffs contend that if the Court finds that any of their causes of action do not state a claim that, rather than dismissal, the Court should allow them discovery and require them to amend their Second Amended Complaint to allege their claims with more specificity.  Because the claim based on the criminal statutes is dismissed as a matter of law rather than based on failure of allegations, the Court finds that discovery or amendment would not apply to that claim.

Plaintiffs argue that, rather than having their claims dismissed for failure to state a claim, they should be permitted discovery on the "precise bases" for the claims.  However, Plaintiffs do not specify any discovery that they might require or the type of allegations that would satisfy Rule 9(b)'s requirements—"the time, place, and contents of the false representation, the identity of the party making the false statements."  Further, such information is information ordinarily within the knowledge of a person who claims they relied upon such representations. Similarly, such matters as the consequences of the alleged misrepresentations, the approximate dates of a student's attendance at a school, and the name of the school(s) attended, would ordinarily be within the knowledge of a student or parent Plaintiff, rather than within the exclusive control of a Defendant.  Plaintiffs

13

have not attempted to show that the information necessary for them to meet Rule 9(b)'s specificity requirements for their fraud or RICO claims is within the exclusive control of Defendants.   Nor have they attempted to show (1) any discovery that is necessary on the alter ego/vicarious liability claims or (2) that such information is within the exclusive control of the Defendants.

Courts have discretion to allow amendment rather than to dismiss for failure to state a claim.[38]  But despite the clear notice of alleged deficiencies provided by the Motion to Dismiss and the joinders therein, Plaintiffs have filed a proposed Third Amended Complaint that fails to add any more specific allegations regarding their fraud, RICO or alter ego/vicarious liability claims.  The proposed Third Amended Complaint was filed well after the Plaintiffs filed their response to the Motions to Dismiss and for a More Definite Statement.[39]  Under these circumstances, the Court will exercise its discretion to dismiss the fraud, RICO and alter ego/vicarious liability claims rather than to allow further amendment.

X.  ORDER

Based upon the foregoing, it is hereby

ORDERED that Defendants' Motion to Dismiss (Docket No. 45) is GRANTED and Plaintiffs' claims of actual and constructive fraud, conspiracy and fraudulent concealment,

---

[38]*Cayman Exploration*, 873 F.2d at 1262-63.

[39]*See* Docket No. 85 (Pl.s' Response and Memorandum in Opposition) filed on December 18, 2006 and Docket No. 149 (Pl.s' Motion for Leave to File Third Amended Complaint), filed on February 28, 2007.

and fraud under Utah Deceptive Practices Act; the RICO claims; the civil claim for violation of criminal statutes and the alter ego/vicarious liability claims are dismissed as to Defendants Robert B. Lichfield, World Wide Association of Specialty Programs and Schools, and Ken Kay.  It is further

ORDERED that the Cross Creek Defendants' Motion for Joinder (Docket No. 57) in the WWASP Defendants' Motion to Dismiss is GRANTED and Plaintiffs'  actual and constructive fraud, conspiracy and fraudulent concealment, and fraud under Utah Deceptive Practices Act; the RICO claims; the civil claim for violation of criminal statutes and the alter ego/vicarious liability claims dismissed as to Defendants Cross Creek Manor, LLC, Cross Creek Center for Boys, LLC, and Karr Farnsworth.   It is further

ORDERED that Defendant Majestic' Motion for Joinder (Docket No. 70), in the WWASP Defendants' Motion is GRANTED and Plaintiffs' claims of actual and constructive fraud, conspiracy and fraudulent concealment, and fraud under Utah Deceptive Practices Act; the RICO claims; the civil claim for violation of criminal statutes and the alter ego/vicarious liability claims are dismissed as to Defendant Majestic Ranch Academy, Inc. It is further

ORDERED that the dismissal of claims set forth above applies to the Second Amended Complaint and the proposed Third Amended Complaint.  It is further

ORDERED that the Motions for a More Definite Statement and for joinder in the Motion for a More Definite Statement (Docket Nos. 53, 58, and 70) are GRANTED as to the Cross Defendants, the WWASPS Defendants and Majestic Ranch Academy.  Plaintiffs shall file such statement within 30 days of the entry of this Order.

DATED April 30, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge