IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM CHASE WOOD, et al.,<br><br>    Plaintiffs,<br><br><br><br>        vs.<br><br><br>WORLD WIDE ASSOCIATION OF<br>SPECIALTY PROGRAMS AND<br>SCHOOLS, INC., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING TEEN HELP'S<br>MOTION TO DISMISS AND<br>MOTION TO SEVER<br><br><br><br><br>Case No. 2:06-CV-708 TS |

This matter is before the Court on the Motion to Dismiss and the Motion to Sever filed by Defendant Teen Help.[1]   It appears that Teen Help attempted to file a Motion to Dismiss  or Sever as a single document, and per, the Administrative Procedures guide for electronic filing, was required to refile it, so that the Motions could be docketed as separate motions.[2]

---

[1]Docket Nos. 48 and 55.

[2]Docket No. 52.

1

Teen Help moves to sever and dismiss on two bases: (1) joinder is improper because Plaintiffs do not allege a common transaction or occurrence; and (2) severance is necessary to permit a fair trial because of the large number of Plaintiffs and Defendants. Plaintiffs contend that their claims arise out of at least one common question of law or fact and relate to or arise out of the same series of transactions or occurrences.  Plaintiffs further contend that it is too early in the case to determine if a single trial would decrease delay, expense, and inconvenience, and that it would not prejudice Defendants to have a single trial, but that it would prejudice Plaintiffs to have separate trials.

"Rule 20(a) allows for joinder of defendants where there is a 'right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.'"[3]  Fed. R. Civ. P. 21 provides: "Misjoinder is not a ground for dismissal of an action. . . .  Any claim against a party may be severed and proceeded with separately."   If claims should not have been joined, under Rule 20(a), a defendant is entitled to severance.[4] Where a claim that originally formed a link between other claims is dismissed, and as a result of dismissal, there is no longer a connection between claims, a Defendant is entitled to severance.[5]

---

[3]*Watson v. Blankinship,*  20 F.3d 383, 389 (10th Cir. 1994) (quoting Fed. R. Civ. P. 20).

[4]*Id*.

[5]*Id*.

In this case, several claims have been dismissed against major Defendants by separate order.  These include the fraud, RICO, and alter ego/vicarious liability claims. Plaintiffs have also been ordered to file a more definite statement as to their claims.

The Court finds that it appears that the fraud, RICO, and alter ego/vicarious liability claims involving the WWASPS Defendants may have been the claims that formed a link of common occurrences, transactions, facts or issue of law between the claims against Teen Help and the claims against the other Defendants.  With those claims dismissed, severance may be warranted, but the more definite statement to be filed within 30 days will clarify that issue.  The Court further finds that it is early in the case, discovery has not yet begun and no scheduling order is yet in place, at least one Defendant's Motion to Dismiss for Lack of Jurisdiction is still being briefed,[6] all Defendants have not yet filed Answers and the number of Plaintiffs is not yet determined.  Teen Help is in no way prejudiced by continuing this as a single proceeding at this preliminary stage of this case.  It appears from the Affidavit attached to Teen Help's Motion that it may assert statute of limitations, improper venue, and release defenses against some of the Plaintiffs.[7]  The continued joinder of all of the present Defendants in a single proceeding at this time does not hinder or delay Teen Help from raising such defenses by its own motions.

The Court will deny the Motion to Sever without prejudice to again raising the issue in the future at such time as Teen Help deems appropriate.  The Court will extend the time

---

[6]*See* Docket No.161 (Order extending time for the filing of Defendant Ivy Ridge's Reply in Support of its Motion to Dismiss).

[7]Docket No. 56, Ex. 1 (Foye Aff. at ¶¶ 10 through 14).

for Teen Help to file an answer or a motion to dismiss to 30 days following the filing of the more definitive statement.  It is therefore

ORDERED that Teen Help's Motion to Dismiss (Docket No. 48) is DENIED without prejudice and the time for filing an answer or otherwise respond to the Second Amended Complaint is extended to 30 days following the filing of Plaintiffs' More Definite Statement, or 30 days following the filing of the proposed Third Amended Complaint, whichever shall occur first.  It is further

ORDERED that Teen Help's Motion to Sever (Docket No. 55) is DENIED without prejudice.

DATED April 30, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge

4