IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM CHASE WOOD, et al.,<br><br>        Plaintiffs,<br><br><br><br><br>                vs.<br><br><br><br>WORLD WIDE ASSOCIATION OF SPECIALTY PROGRAMS AND SCHOOLS, INC., et al.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE THE CROSS DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE UTAH HEALTH CARE MALPRACTICE ACT<br><br><br><br><br>Case No. 2:06-CV-708 TS |

This matter is before the Court on the Motion to Dismiss filed by Defendants Cross

Creek Manor, LLC, Cross Creek Center for Boys, LLC, and Ken Farnsworth (the Cross

Creek Defendants).

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c), Defendants move to dismiss on the grounds of lack of jurisdiction because Plaintiffs' state law claims[1] are barred because Plaintiffs have not complied with the Utah Health Care Malpractice Act (UHCMA).  In support, the Cross Creek Defendants submit copies of their licences.  The Cross Creek Defendants contend that under the case *Tools v. Red Rock Canyon School*,[2] the Court may (1) take judicial notice of the fact that they are licensed to provide "residential treatment" for a number of "youth consumers;" (2) look to Utah Administrative Rules to give context to the meaning of a residential treatment program; and (3) find, as did this Court in *Tools*, that they are "health care providers" under Utah law and therefore covered by the UHCMA.

Plaintiffs contend that the status of the Cross Creek Defendants as "health care providers" is an issue of fact under *Platts v. Parents Helping Parents*.[3]  They contend that if the Court considers matters outside the pleadings submitted in support of the Cross Creek Defendants, that the Court should convert this Motion to one for summary judgment and allow them time to conduct discovery.

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule

---

[1]Some state law claims against these Defendants are being dismissed by a separate Order on the Cross Creek Defendants' joinder in a Motion to Dismiss filed by other Defendants.

[2]2005 WL 1501435, Case No. 2:05-CV-155 TS (D. Utah, June 23, 2005).

[3]897 P.2d 1228, 1323 (Utah Ct. App. 1995).

12(b)(1).  In such instances, a court's references to evidence outside the pleadings does not convert the motion to a Rule 56 motion.[4]

However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.  The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.[5]

In considering a motion for judgment on the pleadings under Fed. R.Civ. P. 12(c), the Court applies the same standard that  that applies to a Rule 12(b)(6) motion.

So doing, we accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same. Judgment on the pleadings should not be granted "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[6]

To "rely on the UHCMA, [a defendant] must show that it is a health care provider, and that [the plaintiff's] injury arose out of or was related to [the defendant's] provision of health care."[7]   In this case, at the time of the filing of the Motion to Dismiss, only one Plaintiff had been involved with the Cross Creek Defendants.   The Complaint was subsequently amended and now nine of the Plaintiffs are alleged to have been enrolled in one of the Cross Creek facilities.

---

[4]*Pringle v. U.S.*, 208 F.3d 1220, 1222 (10th Cir. 2000).

[5]*Id*. 208 F.3d 1220, 1222 (10th Cir. 2000)(quoting *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995)).

[6]*Park Univ. Ent., Inc. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir.2000)).

[7]*Smith v. Four Corners Mental Health Ctr., Inc.*,  70 P.3d 904, 913 (Utah 2003).

The Court finds that *Tools* is distinguishable.  *Tools* involved only one entity as a defendant, and submission of a single license in that entity's name.  As a result, the Court could take judicial notice of the license and that it was for a residential treatment center. In this case, there are several licences submitted, not all of them are for "residential treatment centers," and the applicability of a particular license to each of the separate Defendants is not obvious from the face of the license, but is the subject of information from an Affidavit by one of the named Defendants.[8]   Some of the licences are for "intermediate secure care" or "residential support."  Unlike a residential treatment center, the Utah Administrative Code provides that for a "residential support program," "[t]reatment is not a necessary component of residential support, however treatment shall be made available on request."[9]  Further, a residential support program has far different staffing requirements than does a residential treatment center.[10]  *Tools* is also distinguishable because in this case, unlike *Tools*, it does not appear from the Complaint that the Plaintiffs' injury arose out of or was related to a Defendant's provision of health care to a Plaintiff.

The Court finds that the Cross Creek Defendants have not shown on the face of the Second Amended Complaint and the licences that, as to Plaintiff Wood, it is a health care provider, and that his injury arose out of or was related to a Cross Creek Defendants'

---

[8]Docket No. 63, Def.s' Mem. Ex. 1 (Farnsworth Aff.).

[9]U.A.C. R501-22-2.

[10]*Compare* U.A.C. R501-22-5 (staffing requirements for residential support program) with U.A.C. R501-19.5 (D)(3) (staffing requirements for residential treatment program for children and youth).

provision of health care.  For example, during one of the periods[11] in which Wood attended Defendant Cross Creek Center for Boys, it had a license for "residential support" and he was enrolled as a "student," not as a "patient," and was billed for tuition.  During this same period, it also had a license to provide "residential treatment" through a related entity, Defendant Cross Creek Manor.[12]  Plaintiff Wood is entitled to discovery on his contention that the Farnsworth Affidavit is not correct.  Further, the Second Amended Complaint added several Plaintiffs, who have not had an opportunity to respond to the factual materials submitted by the Cross Creek Defendants.

By separate Order, the Court has granted the Cross Creek Defendants' Motion for a More Definite Statement.   The Court will deny the present Motion without prejudice to the Cross Defendants' again filing the Motion, after the more definite statement is filed by Plaintiffs.  It is therefore

ORDERED that the Cross Creek Defendants' Motion to Dismiss (Docket No. 62) is DENIED without prejudice.  It is further

---

[11]*See* Farnsworth Aff. at ¶ 27 (stating dates of Wood's attendance).

[12]*Id.* at ¶¶ 10 and 11.

ORDERED that the Cross Creek Defendants may again raise the issue of subject matter jurisdiction under the UHCMA after the filing of the more definite statement by Plaintiffs.

DATED April 30, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge