IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM CHASE WOOD, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>WORLD WIDE ASSOCIATION OF SPECIALTY PROGRAMS AND SCHOOLS, INC., et al.,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER GRANTING SPRING CREEK LODGE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br><br>Case No. 2:06-CV-708 TS |

Spring Creek Lodge moves to dismiss the Second Amended Complaint for lack of personal jurisdiction and improper venue.

I.  FINDINGS OF FACT

Defendant Spring Creek Lodge is a Montana corporation that operates educational facilities, including a boarding school in Montana.  Its bank accounts are in Montana.  It does not own or operate any school in Utah. It does not own any real property in Utah and has no employees in Utah.  It does not maintain any bank account, post office box,

1

telephone number, office, or any physical location of any kind in Utah. It is not licensed to do business in Utah.

Only three of the many Plaintiffs attended Spring Creek Lodge's Montana programs. These three Plaintiffs (Spring Creek Lodge Plaintiffs) are all from California. The parents of each of the Spring Creek Lodge Plaintiffs signed an Enrollment Agreement containing the following forum selection clause:

> CHOICE OF JURISDICTION, LAW AND OTHER MATTERS. SPONSORS[1] AGREE TO BE SUBJECT TO JURISDICTION OF THE COURTS OF THE STATE OF MONTANA IN ANY DISPUTE BETWEEN THE PARTIES TO THIS AGREEMENT. The parties agree that this Agreement constitutes a business transaction and services rendered within the state of Montana. Moreover, the parties agree that the state of Montana law shall govern this Agreement.[2]

All of the services provided to the Spring Creek Lodge Plaintiffs under these Enrollment Agreements were provided in Montana.

Two of the Spring Creek Lodge Plaintiffs, both parents of Spring Creek Lodge students, submitted affidavits stating: "At the time of signing the Spring Creek lodge Academy Enrollment Agreement . . . I did not fully understand the Forum Selection clause because no one explained the paragraph to me."[3]

Three of Spring Creek Lodge's shareholders live in Utah. There are no allegations that Spring Creek Lodge claims arise from those principals' actions in Utah.

---

[1] Sponsors are the student's parents or legal guardian. Pullman Aff. Ex. 1, at 1.

[2] *Id.* at 9.

[3] Pl.s' Ex. C, Gomez Aff. at ¶ 3; Ex. D, Jackson Aff. at ¶ 3.

Spring Creek Lodge uses a Utah company, R&B Billing, for some billing services and a Utah company for some marketing services. The billing services are not at issue in this lawsuit. There are no specific allegations regarding the marketing activity. Spring Creek Lodge has no ownership interest in the billing company or the marketing company.

## II.  VENUE

Spring Creek Lodge contends that it must be dismissed for improper venue based on the Agreements' forum selection clause. The Court addresses this issue first, because a valid mandatory forum selection clause that required the claims under the Agreement be brought in a different forum would render moot any issue of personal jurisdiction in this forum. In *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft (""BMW")*,[4] the Tenth Circuit explained the difference between mandatory and permissive forum selection clauses:

> Generally speaking, the circuits that have addressed the issue are in agreement that where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.[5]

---

[4] 314 F.3d 494 (10th Cir. 2002).

[5] *Id.* at 314 F.3d at 499 (quoting *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir.1992)).

In *K & V*, the Court was dealing with a forum selection clause similar to the one at issue in this case[6] and found it to be permissive. The Court finds that the forum selection clause in this case is permissive.[7]

### III.  PERSONAL JURISDICTION

Spring Creek Lodge also moves to dismiss for lack of personal jurisdiction.

> When jurisdiction is contested, a plaintiff bears the burden of proving that jurisdiction exists.  However, when a court grants the motion without an evidentiary hearing, a plaintiff need make only a prima facie showing of jurisdiction to defeat the motion.  In determining whether a plaintiff has made a prima facie showing, all factual disputes are resolved in his favor.[8]

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[9]  Applying Utah law to the issue, the Court examines Plaintiffs' claims that there is general jurisdiction and specific jurisdiction.

> As the Utah Supreme Court has stated, "[g]eneral personal jurisdiction permits a court to exercise power over a defendant without regard to the subject of the claim asserted. For such jurisdiction to exist, the defendant must be conducting substantial and continuous local activity in the forum state."

---

[6]*Id*. at 496 ("Jurisdiction for all and any disputes arising out of or in connection with this agreement is Munich.  All and any disputes arising out of or in connection with this agreement are subject to the laws of the Federal Republic of Germany.")

[7]*American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*,  428 F.3d 921, 926 (10th Cir. 2005).

[8]*Buck v. Brackett*,  181 Fed.Appx. 712, 714 (10th Cir. 2006) (citing *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004)).

[9]*Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995).

> The Utah Court of Appeals recently observed that the following factors are relevant to the issue of whether general personal jurisdiction exists: Whether the corporate defendant is (1) engaged in business in this state; (2) licensed to do business in this state; (3) owning, leasing, or controlling property (real or personal) or assets in this state; (4) maintaining employees, offices, agents, or bank accounts in this state; (5) present in that shareholders reside in this state; (6) maintaining phone or fax listings within this state; (7) advertising or soliciting business in this state; (8) traveling to this state by way of salespersons, etc.; (9) paying taxes in this state; (10) visiting potential customers in this state; (11) recruiting employees in the state; (12) generating a substantial percentage of its national sales through revenue generated from in-state customers.[10]

Of these factors, Plaintiffs have shown only one—that some of Spring Creek Lodge's shareholders live in Utah. The Court finds that the Second and Third Amended Complaints[11] are completely lacking in any specificity as to Spring Creek Lodge. Therefore, nothing therein makes a prima facie showing of jurisdiction as to Spring Creek Lodge.[12] Plaintiffs originally alleged that Spring Creek Lodge was a Utah corporation,[13] but subsequently conceded that it is a Montana corporation and resident.[14]

---

[10] *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295-96 (10th Cir. 1999) (quoting *Arguello v. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992) and *Buddensick v. Stateline Hotel, Inc.*, 972 P.2d 928, 930-31 (Ut.Ct.App.1998)).

[11] The present Motion to Dismiss was filed when the Second Amended Complaint was the operative complaint. As was the situation with other Defendants, the provisions of the proposed Third Amended Complaint that could refer to this Defendant are identical to those in the Second Amended Complaint. *See* Docket No. 170 at 1, n.1.

[12] As explained in the Court's previous Orders, the vicarious liability claims fail to state claims upon which relief can be granted. *See* Docket Nos. 166 at 5-6 and 170, at 12 and n. 36.

[13] Second Amended Complaint at 8, ¶ 6.

[14] *See* proposed Third Amended Complaint, at 11, ¶ 6 and Pl.'s Opposition Mem. At 2 (discussing Spring Creek Lodge as a Montana resident).

The Court next turns to the materials submitted by Plaintiffs in Opposition to the Motion to Dismiss.  At best, Plaintiffs show that they were billed for Spring Creek Lodge's services from an address in Utah and they mailed their payments to the same address.  As established by affidavits submitted by Spring Creek Lodge, the address is the address of the R& B Billing service.  All of the cancelled checks submitted by Plaintiffs show that they were deposited to the order of "Regal Clearing, R&B Billing, LLC, Spring Creek Lodge."[15]  This supports rather than disputes the facts submitted by Spring Creek Ranch–that it uses the services of R&B Billing.  Because the claims in this case do not arise from the billing, Spring Creek Lodge's use of the billing service located in Utah does not make a prima facie showing of jurisdiction.

Plaintiffs do not establish a dispute of fact as to whether two Utah residents are employees of Spring Creek Ranch because the materials they submit in support do not purport to represent these individuals are employed by Spring Creek Ranch.  Instead, those materials show that the employees worked for Defendant Teen Help, one as a parent coordinator.[16]  Thus, those materials support Spring Creek Lodge's position that the referenced individual are not its employees.

Plaintiffs submit the results of the Internet searches attached to the Drake Affidavit.[17]  These do not show that Spring Creek Lodge, as opposed to its individual shareholders, has

---

[15] *E.g.* Hellinger Aff. Ex. 2.

[16] Gomez Aff. at ¶ 6 (attaching letter from employee "at Teen Help in St. George Utah") and ¶ 7 and Ex. 4 (referencing Teen Help's parent coordinator but listing separate Montana phone number for Spring Creek Lodge).

[17] Pl.s' Ex. G, Drake Aff.

an office, owns property, or has a phone number in Utah.  The search results do show names and addresses for other entities—not parties to this action—presumably associated with the individual shareholders.  But Plaintiffs do not explain how the names and addresses of such non-parties are relevant to the question of jurisdiction over Spring Creek Lodge.

It is puzzling that Plaintiffs submit the Minutes of Defendant World Wide's Organizational Meeting as support for its position that Spring Creek Lodge has a bank account in Utah when nothing in that document refers to any entity other than World Wide, its officers and trustees.[18]

Plaintiffs argue that the marketing materials of other Defendants somehow support jurisdiction.  However, in support they submit only an informational website maintained by Teen Help, that lists numerous schools.[19]  Spring Creek Lodge is listed as located in Montana, not Utah.[20]  This Teen Help website provides its toll free telephone number for more information.  Such passive informational websites do not establish continuous and

---

[18]Pl.s' Ex. I, at 2.  Plaintiffs also submit the Pullan Deposition which shows that the ownership of Spring Creek Lodge is different from the officers and trustees of Defendant World Wide, an association to which it belongs. *Compare* Pl.s' Ex. B at 9 (listing Spring Creek Lodge's shareholders) *with* Ex. I, (listing World Wide's officers and trustees).

[19]Speer Aff., Ex. 1.

[20]*Id*.

systematic contacts necessary to establish jurisdiction.[21] This is even more true where the passive website is not even maintained by Spring Creek Lodge.

The Court finds that Plaintiffs have failed to make a prima facie showing of general personal jurisdiction over Spring Creek.

Plaintiffs also contend that there is specific personal jurisdiction over Spring Creek Lodge.

> "[T]he evaluation of specific jurisdiction in Utah mandates a three-part inquiry: '(1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process.' "[22]

Courts may address the due process analysis first because "any set of circumstances that satisfies due process will also satisfy the long-arm statue."[23] As explained in *Soma Medical*:

> [A] "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state."
>
> The "minimum contacts" necessary for specific personal jurisdiction are established " 'if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that

---

[21] *Soma Medical*, 196 F.3d at 1297 (finding no jurisdiction where Plaintiff "failed to carry even its relatively light burden of making a prima facie showing that the website is anything more than such a passive informational site"); accord Tomlinson v. H& R Block, Inc., 151 Fed. Appx. 655, (10th Cir. 2005) (applying Oklahoma law).

[22] *Soma Medical*, 196 F.3d at 1297 (quoting National Petroleum Mkt'g, Inc. v. Phoenix Fuel Co., 902 F.Supp. 1459, 1465 (D. Utah 1995)).

[23] *Id*. (quoting SII MegaDiamond, Inc. v. American Superabrasives Corp., 969 P.2d 430, 433 (Utah 1998)).

"arise out of or relate to" those activities." If the defendant's activities create sufficient minimum contacts, we then consider "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice."

We therefore examine the quantity and quality of [Defendant's] contacts with Utah, including "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing,"to determine whether the exercise of personal jurisdiction over [Defendant] comports with due process.[24]

Plaintiffs contend that Spring Creek Lodge transacts business in Utah because it promoted, advertised, marketed, billed, and collected through its agents, and banks in Utah. However, as stated above, Plaintiffs have not made a prima facie showing that there are Spring Creek Lodge employees or bank accounts in Utah or that it advertised in Utah other than being listed on a passive informational website maintained by another company.

As to the billing by R&B Billing as Spring Creek Lodge's agent, such billing lacks any nexus to the alleged injuries, all of which are alleged to have occurred in Montana. Plaintiffs contend that they have shown that the claims arise out of the billing and marketing activity in Utah because there was fraud in marketing the schools by one or more Defendant. However, as noted above, the Court has previously determined that Plaintiffs' claims for fraud and that various defendants acted as a single entity fail to state a claim upon which relief can be granted. Further, there is no showing by any of the Spring Creek Lodge Plaintiffs that there was any failure to disclose material information during a

---

[24] *Id*. (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998); and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

9

communication by or on behalf of Spring Creek Lodge from Utah. The Second Amended Complaint and proposed Third Amended Complaint certainly contain no specific allegations of fraud in billing or marketing as to this Defendant that could meet Plaintiffs' burden of making a prima facie showing of specific personal jurisdiction in Utah.

The Court finds that Plaintiffs have not shown that Spring Creek Lodge has sufficient contacts with this forum to make the exercise of jurisdiction over this Defendant comport with traditional notions of fair play and substantial justice. This is especially true where neither Spring Creek Lodge nor the Spring Creek Plaintiffs resided in Utah at any time and where all of the alleged "acts of torture and other unsavory acts at their facility"[25] that underlay all of Plaintiffs' claims against this Defendant allegedly occurred at its facility in Montana. Plaintiffs have failed to meet their burden of making a prima facie showing of specific personal jurisdiction over Spring Creek Lodge.

## IV. STAY

The Court notes that the Magistrate Judge granted a stay of proceedings pending Plaintiff's appeal of his Order denying their Motion to File a Fourth Amended Complaint.[26] However, the Court having reviewed the entire record, it does not appear that the present Motion to Dismiss, fully briefed well before the filing of the Motion for Leave to File a Fourth Amended Complaint, is a matter that should be stayed.[27]

---

[25] Pl.s' Opp. Mem. at 10.

[26] Docket No. 252.

[27] *See* Docket No. 250, Motion to Stay, at 4 (listing the Motions to Dismiss Plaintiffs want stayed pending, and not including the present Motion to Dismiss).

IV.   ORDER

For the foregoing reasons, it is therefore

ORDERED that Spring Creek Lodge's Motion to Dismiss for Lack of Jurisdiction (Docket No. 119) is GRANTED.

DATED September 27, 2007.

                                              BY THE COURT:

                                              _____
                                              TED STEWART
                                              United States District Judge