IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM CHASE WOOD, et al.,<br><br>     Plaintiffs,<br><br><br><br><br><br>               vs.<br><br><br>WORLD WIDE ASSOCIATION OF<br>SPECIALTY PROGRAMS AND<br>SCHOOLS, INC., et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANT<br>ACADEMY AT IVY RIDGE'S<br>MOTION TO DISMISS FOR<br>IMPROPER VENUE<br><br><br><br>Case No. 2:06-CV-708 TS |

Five Parent Plaintiffs and five Student Plaintiffs bring claims against Defendant Academy at Ivy Ridge (Ivy Ridge) based upon their experience at the school.  Ivy Ridge moves to dismiss on the basis that the claims were improperly filed in Utah rather than New York.  Ivy Ridge also seeks to dismiss based on lack of personal jurisdiction.  Plaintiffs contend the forum selection clause is invalid as the product of undue influence and excessive bargaining power, the clause is unenforceable against the Student Plaintiffs, enforcement would deprive them of access to the federal courts, and enforcement would be unreasonable and unjust under the circumstances of this case.

1

The Affidavits submitted by the parties establish the following undisputed facts: Every parent who enrolled a child at Ivy Ridge received a copy of its Enrollment Agreement. Each had as much time to review the Agreement as they wanted and to have questions answered.[1]   The Enrollment Agreements provide as follows:

> 2.   <u>ENROLLMENT</u>.  The Sponsors acknowledge that they have had the opportunity to have any of their questions answered by representatives of the School. . . .

* * *

> 31.   <u>CHOICE OF JURISDICTION, LAW AND OTHER MATTERS,</u> SPONSORS[2] AGREE TO BE SUBJECT TO JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK IN ANY DISPUTE BETWEEN THE PARTIES TO THIS AGREEMENT.  The Parties agree that this Agreement constitutes a business transaction and services rendered within the state of New York.  Therefore, the parties agree that the state of New York law shall govern this Agreement.  Moreover, the parties agree that all disputes and/or claims may only be filed in New York and are under the jurisdiction of the courts of New York.  In the event any part of this Agreement is determined to be invalid or unenforceable the remaining provisions of this Agreement shall remain valid and enforceable according to applicable law.

* * *

> 39.   <u>SCOPE AND MEANING OF AGREEMENT</u>.   Sponsors hereby acknowledge that they have read the entire Enrollment Agreement and that they understand and agree to its provisions. The Sponsors understand that this is a legal and binding Agreement, and that this Agreement constitutes the entire Agreement between the parties. . .[3]

---

[1]Docket No. 158-2, Finlinson Aff. at ¶ 20.

[2]The Enrollment Agreements define Sponsors as the parent or guardian who is enrolling the child in the school.  Docket No. 158-4 at 2 ¶1.

[3]Docket No. 175-3 at ¶¶ 2, 31, and 38.

2

A party may move a court to dismiss an action based on "improper venue."[4]  "A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed.R.Civ.P.12(b)(3)."[5] If venue is improper, the court may either dismiss or, if it be in the interest of justice, transfer such case to the proper court where venue is appropriate.[6]

The Enrollment Agreement provides that it shall be construed and governed under New York law.  Accordingly, the Court applies New York law to this motion to dismiss for improper venue based on the Enrollment Agreement's venue provision.[7]  Under New York law:

> Forum selection clauses are prima facie valid and will not be set aside unless the party opposing the clause demonstrates that the enforcement of such "would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court."[8]

Plaintiffs do not dispute that this is a mandatory forum section clause.  Plaintiffs first contend that the clause is unenforceable because they did not understand it or have it explained to them.  In support, three of the Parent Plaintiffs submit affidavits stating that

---

[4]Fed. R. Civ. P. 12(b)(3).

[5]*Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992).

[6]28 U.S.C. § 1406(a).

[7]*Jones v. KP&H LLC*, 2008 WL 2805444, 3 (10th Cir. July 22, 2008) (unpublished case quoting *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 581 (10th Cir. 1997)). The Court cites *Jones* for its persuasive value only.

[8]*Harry Casper, Inc. v. Pines Associates, L.P.*, __ N.Y.S. ___, 2008 WL 2609340, 1 (N.Y. A.D. 3 Dept. July 3, 2008).

at the time they signed the Enrollment Agreements, they did not understand the jurisdiction clause, nor was it explained to them.[9]  The affidavits are in direct contradiction to the statements in the Agreement, quoted above, that the Plaintiff Parents had read the entire Agreement, and "understand and agree to its provisions."  These statements appear directly above their signatures.

Under New York law, a person who "signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it.'"[10]  Similarly, the argument that a provision is not specifically brought to their attention is of "no avail, since, as a signatory to the contract, [Plaintiffs] are presumed to know the contents of the instrument[s] [they] signed and to have assented to such terms."[11]  It is undisputed that the parents were sent a copy of the Agreement, and had as much time as they wanted to review it and ask any questions.  Significantly, none of the Parent Plaintiffs allege that they asked questions about the forum selection clause or that any questions about any aspect of the Agreement were not answered.

The case relied upon by Plaintiff, *Marco Forwarding Co. v. Continental Casualty Co.*,[12] is a Florida federal court sitting in admiralty.  The *Marco Forwarding* Court did not apply the laws of New York.  Further, even applying the same rules as applied by the

---

[9]Docket No. 175-3 at 3,  ¶ 5 (Aff. of Daniel Milliken); at 40 ¶ 5 (Aff. of Martie Tuthill); at 50 ¶ 4 (Aff. of Joann Lenhardt).

[10]*Fleet Capital Leasing/Global Vendor Fin. v. Angiuli Motors, Inc.*, 15 A.D.3d 535, 536 (N.Y. App. Div. 2005).

[11]*British West Indies Guaranty Trust Co., Ltd. v. Banque Internationale A Luxembourg*, 172 A.D.2d 234 (N.Y. App. Div. 1991).

[12]430 F. Supp. 2d 1289 (S.D. Fla. 2005).

*Marco* court, the forum selection clause in the Enrollment Agreements would be enforceable.  In *Marco Forwarding*, the Court held that where there is unequal bargaining power in form contracts "Courts must determine 'whether the terms of the clause [were] reasonably communicated to the consumer and are otherwise fundamentally fair.'  Courts have developed a two-part test of reasonable communicativeness, taking 'into account both the physical characteristics of the contract itself, and also any extrinsic factors indicating the plaintiff's ability to become meaningfully informed and to reject the contractual terms at stake.'"[13]

In the present case, the Court finds that the clause is clear and is prominently highlighted with a capitalized and underlined heading.  The first sentence is also capitalized. The forum selection clause was, therefore, entirely communicative.  It is undisputed that the Parties had an opportunity to review the contract for as long as they wished, become meaningfully informed by asking questions, and to reject the contract.

Plaintiffs' counsel makes the argument that the bargaining power was unequal and the level of sophistication unequal because the "parents were desperate to get help for their children and desperate for them to be educated and assisted in their emotional growth and personal development."[14]  However, this general assertion by counsel is not supported by the affidavits of the Parent Plaintiffs.  Plaintiffs' counsel also makes the argument that the level of sophistication was unequal because one Parent has averred that he did not

---

[13]*Id*. at 294 (quoting *Sun Trust Bank v. Sun Int'l Hotels, Ltd*., 184 F. Supp. 2d 1246, 1259 (S.D. Fla. 2001)).

[14]Docket No. 175 Pls.' Mem. at 2.

understand the agreement to waive rights as to other defendants.[15]   However, assuming,

for the purposes of this Motion, that Ivy Ridge, a business, was more sophisticated than

the parents who enrolled their children in the school, those Parent Plaintiffs have still failed

to dispute that they had as much time as they wanted to review the Agreements and ask

questions.  The clause is clear, unambiguous, and prominently set forth in the contract.

Under these circumstances, Plaintiffs have not presented evidence that Ivy Ridge used its

greater bargaining power unfairly or fraudulently.[16]

Plaintiffs next argue that the clause is unenforceable against the Student Plaintiffs

because they were minors.  Plaintiffs cite no case law from New York or elsewhere, in

support of this argument.

Ivy Ridge relies on unpublished case law from New York enforcing a forum selection

clause against a minor.[17]  Ivy Ridge also cites persuasive case law from other jurisdictions

where courts enforce a forum selection clause against a minor.[18]  Based on this case law,

the Court finds that New York courts would enforce the forum selection clause against a

minor.

---

[15]Miliken Aff. at 5 (stating "I did not understand the addendum regarding Help My Teen . . .").

[16]*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 588-90 (1991).

[17]*Igneri v. Carnival Corp.*, 1996 WL 68536, 3 (E.D. N.Y. 1996) (unpublished case) (holding a "minor is not relieved from compliance with the lawful terms of a passage contract").

[18]*E.g., Morrow v. Norwegian Cruise Line Ltd.*, 262 F. Supp. 2d 474, (M.D. Pa. 2002) (noting that court had "not found even one where a court refused to enforce a forum selection clause solely because the plaintiff was a minor").

Plaintiffs also argue enforcement would be unreasonable and unjust under the circumstances of this case because it would deprive them of access to the federal courts and force them to bring their vicarious liability claims against Ivy Ridge separately from their claims against other Defendants.

The Court notes that most of the vicarious liability claims in this case have already been dismissed.  By separate Order the Court has denied leave to amend and found that Plaintiffs failed to comply with the Court's Order for a more definite statement on their concert of action theory.  Accordingly, those claims will not proceed. Thus, there is no unfairness in requiring Plaintiffs to do what they agreed to do—litigate their claims against Ivy Ridge in New York.

Ivy Ridge argues that this case must be dismissed instead of transferred to a federal court in New York because a federal district court in New York is not a "court of New York." In support Ivy Ridge relies on the case *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*,[19] which construed the phrase "a court of the *State* of Colorado" to mean a court of the state but not the federal court sitting in Colorado.[20]  Plaintiffs appear to agree that the forum selection clause places venue in the New York state courts.[21]

However, *American Soda* is distinguishable because the clause at issue herein provides that disputes "may only be filed in New York and are under the jurisdiction of the

---

[19]428 F.3d 921 (10th Cir. 2005).

[20]*Id*. at 925 (emphasis added).

[21]Docket No. 175, Pls.' Mem. at 2.

courts of New York," not a "court of the *State* of" New York as in *America Soda*.[22]   In a similar case, *Forschner Group, Inc. v. B-Line A.G.*,[23] the federal District Court for the Southern District of New York rejected the argument that it lacked "jurisdiction because the phrase 'courts of New York'" in a forum selection clause "means state courts of New York."[24]

The Court finds that it is in the interest of justice to transfer this case rather than dismiss it for improper venue.  The Court will transfer the claims of the Ivy Ridge Plaintiffs to the Northern District of New York.  Because the Court is ruling on the basis of venue based on the forum selection clause, the Court need not address Ivy Ridge's arguments regarding personal jurisdiction.

Based on the foregoing, it is therefore

ORDERED that Defendant Academy at Ivy Ridge's Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Docket No. 157) is GRANTED in part.  It is further

ORDERED that the claims of Plaintiffs Daniel Milliken, Carl Robert Milliken, Martie Tuthill, Kyle Tuthill, Joann Lenhardt, and Dustin Kava will be transferred to the Northern District of New York.  It is further

---

[22]The Enrollment Agreement uses the phrase "courts of the state of New York" in connection with the Sponsors/parents' agreement to be subject to jurisdiction in the New York state courts, something not at issue in the present motion.

[23]943 F. Supp. 287 (S.D. N.Y. 1996).

[24]*Id*. at 291.

ORDERED that within five days of the entry of this Order Defendant Ivy Ridge shall

file a notice of the names of the remaining Ivy Ridge Plaintiffs.

DATED this 2nd of September, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge