IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM CHASE WOOD, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>WORLD WIDE ASSOCIATION OF SPECIALTY PROGRAMS AND SCHOOLS, INC., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MAJESTIC RANCH'S MOTION FOR RULE 11 SANCTIONS<br><br><br>Case No. 2:06-CV-708 TS |

Defendant Majestic Ranch seeks sanctions against Plaintiffs on the grounds that their proposed Fourth Amended Complaint violates Rule 11[1] for the following three reasons. First, because Plaintiffs' renewal of their previously dismissed claims for vicarious liability is not warranted by existing law. Second, because sixteen of the abuse allegations against it are devoid of evidentiary support. Third, because the claims in the proposed Fourth Amended Complaint are presented for an improper purpose.

---

[1] Fed.R.Civ.P. 11.

1

Plaintiffs contend their vicarious liability claims against Majestic Ranch were not all dismissed and, therefore, it is not a Rule 11 violation to continue to assert some vicarious liability claims. Plaintiffs also contend that their proposed Fourth Amended Complaint - Version 2, corrected any deficiencies regarding evidentiary support and that their claims are all filed in good faith.

Rule 11(b) provides that the party or attorney who presents a pleading is certifying that it is not "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;" and that "factual contentions have evidentiary support."[2]

"[I]f the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[3] "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument."[4]

---

[2] Fed.R.Civ.P. 11(b)(1-3).

[3] Fed.R.Civ.P. 11(c).

[4] *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991) (citations omitted).

2

The parties disagree on whether all vicarious liability claims were dismissed by the Court's prior Order for a More Definite Statement[5] because that Order referred to "alter ego/vicarious liability claims"[6] and to the "acting in concert" claims.[7]  Plaintiffs contend that the Order dismissed only the alter ego claims because a concert of action claim is a type of vicarious liability different from an alter ego vicarious liability claim.

The Court notes that its use of the phrase "alter ego/vicarious liability" to characterize Plaintiffs' various vicarious liability claims resulted from the lack of clarity and detail of those claims in the Second Amended Complaint and the proposed Third Amended Complaint.[8]  As discussed in the Order for More Definite Statement, those Complaints are so vague and ambiguous that Defendants could not reasonably be required to frame a responsive pleading.[9]  It appeared from those Complaints that Plaintiffs were attempting to use a "concert of action" theory as a basis for imposing vicarious liability on all

---

[5] Docket No. 170, Memorandum Decision and Order Granting Defendants' Motions to Dismiss Claims and Granting Motions for More Definite Statement.

[6] *Id*. at 14-15 (incorporating reasoning contained in the Memorandum Decision and Order Granting Defendant Teens in Crisis' Motion to Dismiss (Docket No. 166)).

[7] *Id*. at 13.

[8] As noted in the Order for More Definite Statement, at n.1, the provisions of the Second Amended Complaint and the proposed Third Amended Complaint are identical, except the Third Amended Complaint sought to add a number of plaintiffs.  The Court refers to the Second Amended Complaint and the proposed Third Amended Complaint as the Complaints.

[9] Order for More Definite Statement, at 12.

Defendants for any act by any other Defendant.[10] But it was not clear from the Complaints if such theory was intended to be separate from what appeared to be agency and alter ego claims for vicarious liability.[11] Hence, Plaintiffs' vague concert of action claims were characterized in the prior Order together with the other vague vicarious liability claims as "alter ego/vicarious liability" claims.

In its Order for More Definite Statement, the Court dismissed all of the alter ego/vicarious liability claims against the moving Defendants,[12] including Plaintiffs' theory that all Defendants were liable for the acts of all other Defendants under a "concert of action" theory. The Order for a More Definite Statement nonetheless ordered that Plaintiffs provide "specifics on how the Defendants are alleged to have acted in concert,"[13] because those facts remained relevant to the issue of severance raised by Defendant Teen Help and the Cross Creek Defendants.[14] Those Defendants' Motions to Sever were denied

---

[10] *See, e.g.*, Docket No. 88, at 16 (alleging joint and several liability of all Defendants for all acts and/or omissions of all other Defendants under the doctrine of concert of action pursuant to the Restatement (Second) of Torts, § 876).

[11] *Id*. at ¶ IV(1) (alleging Defendants were each part of a joint venture with and/or acted as the alter ego of every other Defendant) and VI(A) (alleging joint and several liability based on agency and concert of action).

[12] Defendants moving for a more definite statement were Robert B. Lichfield, World Wide Association of Specialty Programs and Schools, Ken Kay, Majestic Ranch, Karr Farnsworth, and the Cross Creek Defendants (collectively the moving Defendants).

[13] *Id*. at 13.

[14] The Cross Creek Defendants are Cross Creek Manor, Karr Farnsworth, and Cross Creek Center for Boys.

without prejudice to refiling after Plaintiffs provided their more definite statement.[15] As discussed in the Order Denying Teen Help's Motion to Dismiss and Sever:

> The Court finds that it appears that the fraud, RICO, and alter ego/vicarious liability claims involving the WWASPS Defendants may have been the claims that formed a link of common occurrences, transactions, facts or issue of law between the claims against Teen Help and the claims against the other Defendants. With those claims dismissed, severance may be warranted, but the more definite statement to be filed within 30 days will clarify that issue.
>
> * * *
>
> The Court will deny the Motion to Sever without prejudice to again raising the issue in the future at such time as Teen Help deems appropriate.[16]

However, in reviewing Plaintiffs' Objection to the Magistrate Judge's Order Denying Motion for Leave to Amend Complaint, it became apparent to the Court that Plaintiffs had either not understood or not accepted that their concert of action claims had been dismissed as to the moving Defendants. As a result, Plaintiffs asserted that by alleging a concert of action theory against each and every Defendant in their proposed complaint, they had provided a more definite statement identifying the Defendants against whom each cause of action is brought.[17] To afford Plaintiffs with every opportunity to more definitely state their claims, the Court conducted a general analysis of the sufficiency of the more definite statement of the concert of action claim as to all Defendants.[18] That analysis

---

[15] *See* Docket Nos. 171 and 172.

[16] Docket No. 171, at 3.

[17] Docket No. 274, at 11, n.36.

[18] *Id*. at 11-16.

revealed that Plaintiffs had not complied with the Court's Order for a more definite statement and that their concert of action claims were so vaguely stated that no Defendant could be expected to frame a response.[19]

Because it is not clear from the record whether Plaintiffs failed to understand that their concert of action claims were part of the "alter ego/vicarious liability" claims dismissed as to the moving Defendants, or simply failed to accept that ruling, the Court finds that Majestic Ranch has not shown that Plaintiffs' inclusion of those claims in their proposed Fourth Amended Complaint - Version 2, violated Rule 11.

Majestic Ranch next contends that Plaintiffs knew or should have known that sixteen of the allegations in the Fourth Amended Complaint were completely void of evidentiary support because those sixteen allegations are not supported in Appendix A, the Student Plaintiffs' claims tables.

Plaintiffs contend that when Majestic Ranch notified them of the alleged deficiencies in evidentiary support, they supplemented the Student Plaintiffs' Claims Sheets in their Appendix A, to the Fourth Amended Complaint - Version 2.

The Court finds that the Fourth Amended Complaint - Version 2 responded to the claim of a lack of evidentiary support for the specific allegations cited by Majestic Ranch and therefore Majestic Ranch has not shown a violation of Rule 11(b)(3).

---

[19]*Id*. (denying further amendment because Plaintiffs failed to comply with Order for More Definite Statement).  Majestic Ranch's Motion involves only the inclusions of the concert of action claims.  However, it was not only the concert of action claims that were so vaguely stated that no Defendant could be expected to fame a response.

Majestic Ranch also contends that Plaintiffs filed their claims for an improper purpose. Plaintiffs deny an improper purpose. The Court finds the claim of improper purpose is based upon Majestic Ranch's contentions, discussed above, that the claims were not warranted by existing law and were void of evidentiary support. As a result, the Court finds that Majestic Ranch has not established that the proposed Fourth Amended Complaint - Version 2 was filed for an improper purpose. It is therefore

ORDERED that Majestic Ranch's Motion for Rule 11 Sanctions (Docket No. 260) is DENIED.

DATED   September 15, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge